In the Matter of Jose Hernandez, Appellant, v James Walsh, as Superintendent of Sullivan Correctional Facility, Respondent. [815 NYS2d 831]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered March 23, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to comply with various regulations of the Department of Correctional Services.

While incarcerated at Sullivan Correctional Facility in Sullivan County, petitioner commenced this CPLR article 78 proceeding seeking a writ of mandamus claiming that respondent has deprived him the opportunity for physical exercise, disciplined him for the purpose of retaliation, withheld outgoing mail, performed unjustified cell searches, failed to comply with fire and safety regulations and prevented petitioner from filing grievances. Following the commencement of the proceeding, petitioner also raised issues concerning eight disciplinary proceedings. Supreme Court dismissed the petition and this appeal ensued.

As noted by Supreme Court, because petitioner was transferred to another correctional facility since the commencement of this proceeding, his challenges to the alleged violations at Sullivan Correctional Facility are moot (*see e.g. Matter of Parrilla v Donelli*, 25 AD3d 1046 [2006]; *Matter of Johnson v Goord*, 289 AD2d 625 [2001], *appeal dismissed and lv denied* 97 NY2d 723 [2002]). Contrary to petitioner's contention, we find that the circumstances in this matter do not present an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *Matter of McKenna v Goord*, 245 AD2d 1074, 1075 [1997], *lv denied* 91 NY2d 812 [1998]). To the extent that petitioner attempts to challenge eight disciplinary proceedings and claims that retaliation against him is continuing at the correctional facility where he was transferred subsequent to the commencement of this proceeding, we agree with Supreme Court that petitioner is attempting to improperly expand the scope of the original petition. We have reviewed petitioner's remaining contentions, including that Supreme Court misunderstood his arguments set forth in the petition and his equal protection and due process arguments, and find them to be without merit.

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.